# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA FEASTER, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-2295 |
| MYRON FEASTER, | * | |
| DELCIA FEASTER, and | | |
| TAMMY WILSON, | * | |
| Defendants | * | |

***

## MEMORANDUM

Linda Feaster, who is self-represented, filed suit (ECF 1), together with a motion to proceed in forma pauperis. ECF 2. The motion shall be granted, in light of plaintiff's limited income. But, for the reasons that follow, the Complaint must be dismissed, without requiring service.

### I. Background

Invoking this court's federal question jurisdiction (ECF 1 at 4), plaintiff alleges that on April 10, 2018, her brother, Myron Feaster, evicted her from their mother's house. As background, plaintiff explains that her four brothers paid the down payment on the home for their mother and that she and her brother Myron both lived in the home and, since September 1985, helped to pay for it. ECF 1 at 6.

Plaintiff states that her mother's name was never listed on the home because she did not have a job. Rather, her brother, John Feaster, was listed as the owner from 1985 until the mid-1990s. *Id*. However, plaintiff asserts that she and her mother paid the mortgage on the property. *Id*. According to plaintiff, in the mid-1990s Myron Feaster's name appeared on the title to the home. *Id*. She states that there was no meeting with her or their mother indicating that the

payments on the home had changed from mortgage to rental payments. ECF 1 at 6. Plaintiff states that Myron Feaster's conduct "shows that he feels that our mother and I are beneath him." *Id*. Myron Feaster also put his wife's name on their mother's house and charged "undocumented rent" for over 20 years. *Id*.

According to plaintiff, after their mother died in 2013, Myron Feaster "manipulate[d] rent court documents and perjured himself and fired [plaintiff] from [her] job to have [plaintiff] evicted." *Id*. Plaintiff claims that she was fired from her cleaning job with "GM" because she documented that Myron Feaster said he would kill her and put his hands on her. *Id*. Plaintiff further claims that "GM Janitorial Service is a bogus company," which Myron Feaster used for personal gain. ECF 1 at 7. Plaintiff states she was their only employee in the building and that Myron Feaster "sold his sister [plaintiff] like a slave to his friends." *Id*.

As relief, plaintiff states that she wishes to move back into her mother's home and to receive six month's pay from Myron Feaster and GM Janitorial Service for manipulating her eviction. *Id.*

## II. Discussion

Federal courts are courts of limited jurisdiction. *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, she "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." Indeed, "if

Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna,* 750 F.3d at 432.

Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is sometimes called federal question jurisdiction.

Under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332. However, it is crystal clear that

diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The citizenship of the litigants is central when diversity jurisdiction is invoked. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Notably, "state citizenship for diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Id*. (citation omitted). And, "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Id*; *see also Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms."). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, a U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id*.

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

The Court has afforded the Complaint liberal construction, because plaintiff is self-

represented. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the alleged conduct does not amount to a federal claim. At best the Complaint asserts a contract dispute and/or a claim of fraud or breach of fiduciary duty arising among family members who all reside in Maryland. Such claims arise under Maryland law and may not be brought in this court, based on federal question jurisdiction.

As noted, under 28 U.S.C. §1332(a), a federal district court also has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

Both plaintiff and defendants are citizens of Maryland. And, the conduct giving rise to the Complaint occurred in Maryland. Thus, diversity jurisdiction does not exist.

### III. Conclusion

The instant Complaint must be dismissed, without prejudice, for lack of jurisdiction. An Order follows.

October 11, 2018　　　　　　　　　　　　　　／s／
Date　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　United States District Judge